Mr. Lee Douglass Insurance Commissioner Arkansas Insurance Department 400 University Tower Building Little Rock, AR 72204
Dear Mr. Douglass:
This is in response to your request for an opinion concerning records that are maintained by the Public Employee Claims Division ("PECD") of the Arkansas Insurance Department. You note that the PECD administers the Public Employee Workers' Compensation Act, and that the question has arisen concerning providing claimants' access to their own claim files. You have asked the following specific questions in this regard:
 1. Are we correct in assuming that the workers' compensation files at PECD are, generally, subject to the Arkansas FOIA?
 2. Are private notes, memoranda, etc., maintained by the claim manager, part of the `public record,' and thus disclosable under the FOIA?
 3. Assuming that the file is disclosable under the FOIA, do the numerous medical reports, hospital records, etc., that are necessarily part of the claim file constitute a `medical record' within the meaning of the FOIA? If so, does the exemption for medical records apply to these materials?
 4. Assuming that the medical records are exempt under the FOIA, is the exemption mandatory, i.e., is the agency obligated to withhold the medical record from disclosure pursuant to an FOIA request? May the agency disclose the medical record to the claimant himself, provided it has a signed authorization from the claimant? May the agency disclose the medical record to other parties, such as claimant's attorney, upon receipt of a signed authorization from the claimant? Putting aside the issue of an FOIA request, is the agency free to voluntarily make the claim file, including the medical record, available to attorneys representing claimants without going through a formal discovery procedure? In other words, may we voluntarily provide claimants' attorneys with copies of medical records and other material from the claim file, without requiring them to file interrogatories or other discovery process through the Workers' Compensation Commission litigation procedure?
The answer to your first question is "yes." These records would, generally, constitute public records that are open to inspection and copying under the Arkansas Freedom of Information Act ("FOIA"). See A.C.A. § 25-19-105(a). I am aware of no specific exemption for these files, although an exemption might, of course, apply, depending upon the particular records in question. The applicability of any statutory exemption would require a case by case determination.
With regard to your second question, I am somewhat uncertain what is meant by the reference to "private" notes and memoranda. The definition of "public records" under the FOIA encompasses records ". . . required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions." A.C.A. § 25-19-103(1). It has been suggested that the term "performance" "may invite a narrower interpretation of `public records,'" as compared to other states' FOI statutes that seem to include every record held by an agency regardless of its origin or content. J. Watkins, The Arkansas Freedom ofInformation Act, 58-59 (1988). Of particular significance for purposes of your second question is the fact that, as pointed out by Professor Watkins, personal notes made by public officials have been held to fall outside state FOI statutes that contain a limitation similar to the "performance" language under §25-19-103. Id. at 59, 124 n. 30.
Your reference to "private" notes of claim managers requires consideration of the foregoing. Notes and memoranda that relate to the claim managers' official functions will be open to inspection and copying under the FOIA. As also noted by Professor Watkins, however, "[t]he Arkansas requirement that records relate to the performance of official functions will probably have little impact on the availability of government-held records to the public, as it will generally be quite easy to establish the requisite relationship." Id. at 59.
The answer to your third question is "probably yes." A qualified response is necessary because a conclusive determination would require review of the specific records in question.
The Arkansas FOIA includes "medical records" within the list of records specifically exempted from disclosure. A.C.A. §25-19-105(b)(2) (Cum. Supp. 1991). There are no Arkansas judicial decisions on point, nor has the General Assembly provided a definition of "medical records" for purposes of the FOIA. This office has previously stated that "medical records" are records containing information relating to the treatment or diagnosis of a medical condition. See Op. Att'y Gen. No. 89-147; accord
Op. Att'y Gen. No. 91-208. Cases interpreting an exception in the federal FOIA for "medical files" (5 U.S.C. § 552(b)(6)) may offer some guidance. The court in Plain Dealer Pub. v. United StatesDept. of Labor, 471 F.Supp. 1023 (D.D.C. 1970) reviewed a list of documents contained in an active file for a claim under the Federal Employees Compensation Act. The court noted that the plaintiffs did not dispute that ". . . documents pertaining to a claimant's medical condition or to medical treatment for his injury or disability are `medical files.'" Id. at 1027. Following its examination of the files, the court concluded that:
 [d]ocuments in the `medical files' category include physician's letters regarding claimant's condition, progress, and ability to work; physician's letters regarding the cause of claimant's disability; a questionnaire regarding claimant's disability; a letter from the Medical Director to claimant's physician regarding claimant's treatment; a clinical psychologist's evaluation of claimant; certificates of medical examinations; and doctor's statements.
Id. n. 5.
The exemption under the Arkansas FOIA for "medical records" is arguably broader than the federal exception for "medical files." And as noted above, your question cannot be answered with a simple "yes" or "no," absent a review of specific records. An Arkansas court would, however, in my opinion, likely seek guidance from cases interpreting the federal provision. Records similar to those addressed in Plain Dealer Publishing, supra,
would probably be deemed to fall within the Arkansas FOIA "medical records" exemption.
The answer to the first part of your fourth question is "yes." Exemptions under the Arkansas FOIA appear to be mandatory rather than permissive. See A.C.A. § 25-19-105(b) (Cum. Supp. 1991). The custodian does not have discretion to make available to the public those records that fall within an exemption. Watkins, TheArkansas Freedom of Information Act, supra, at 61. It has been stated, however, that a person whose rights are protected by the exemption may consent in writing to the disclosure, in which case the records may be released. Id., citing Ark. Op. Att'y Gen. No. 80-50. The answer to the second and third parts of this question is therefore "yes."
With regard to the agency's voluntary release of a claim file, including medical records, I believe that formal discovery procedures are unnecessary as to the release of medical records if the claimant consents in writing to the disclosure. The release of other records that would otherwise be subject to inspection and copying under the FOIA would, similarly, in my opinion, not require formal discovery. The answer to the last part of your fourth question is, therefore, "yes," if the claimant has signed a medical records release and if the other material is subject to disclosure under the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh